IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joseph McMorris, Jr., | ) |
|              Plaintiff, | ) Civil Action No. 6:10-cv-670-JMC-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Lt. Jon Sherfield, Deputy Kevin Smith, | ) |
|              Defendants. | ) |

This matter is before the court on the defendants' motion for summary judgment (doc. 16). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On May 14, 2010, the defendants filed a motion for summary judgment. By order filed May 17, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response on May 21, 2010.

**FACTS PRESENTED**

The plaintiff complains about a search at the home of a friend on September 28, 2005, that was made pursuant to a search warrant. The plaintiff was arrested during the search and was subsequently detained eight days at the Union County Detention

Center. The plaintiff states that the charges were eventually dismissed. According to the defendants, the charges against the plaintiff were dismissed in a plea agreement on January 31, 2006 (*see* def. reply m.s.j.*,* ex. 1, Sherfield aff.). The plaintiff claims that his Fourth Amendment rights were violated because he was wrongly arrested. He further claims that money was seized from him and not returned. The plaintiff alleges that the search warrant was issued without probable cause and further claims that it was altered by the officers on the scene. The plaintiff seeks the return of the money seized from him and $50,000 in damages. The plaintiff is currently detained at the Fairfield County Detention Center on an unrelated charge.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants argue the plaintiff's action is barred by the statute of limitations. This court agrees. Although Section 1983 does not prescribe a specific statute of limitations for bringing a claim, the United States Supreme Court has ruled that in the absence of a congressionally prescribed statute of limitations, "the most closely analogous statute of limitations under state law" must fill the void. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989) (citation omitted). In Section 1983 actions filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in §1983 actions, federal courts should apply state's general statute of limitations for personal injuries). *See Webb v. Brock*, 3:10-139-JFA-JRM, 2010 WL 1493141, at *1 (D.S.C. 2010) (slip copy). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period

3

for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, the plaintiff in this case had three years to bring this Section 1983 action.

Although the limitations period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* In the case at bar, the plaintiff could have filed suit as soon as the allegedly wrongful arrest occurred on September 28, 2005. Even giving the plaintiff the benefit of the doubt and finding that the cause of action accrued when he was released from the detention center on or about October 6, 2005, the limitations period would have expired on October 6, 2008. Further, even assuming the cause of action accrued once the charges against the plaintiff were dismissed, the limitations period would have expired on January 31, 2009. The *Houston v. Lack*, 487 U.S. 266 (1988),[1] delivery date of the plaintiff's complaint is, at the earliest, March 10, 2010, the date he signed his complaint.[2] Thus, the plaintiff's complaint was filed over four years after the cause of action accrued and over a year after the limitations period expired.

The plaintiff filed a previous case regarding his arrest, which was dismissed without prejudice in February 2006. *See McMorris v. Sherfield*, 6:05-cv-3496-PMD. However, the filing of the plaintiff's earlier lawsuit had no tolling effect on the three-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir.

---

[1] The Supreme Court held that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the District Court. *Houston*, 487 U.S. at 276.

[2] There is no visible stamp on the envelope showing the date the complaint was given to prison officials for mailing to the District Court.

4

2000). In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. *See e.g. Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Thus, here, the statute of limitations began running, at the latest, on January 31, 2006, and continued running uninterrupted by the filing and subsequent dismissal without prejudice of the plaintiff's previous lawsuit.

Since South Carolina's statute of limitations applies, the state's tolling rules also apply. *See Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir.1999) (finding that "in any case in which a state statute of limitations applies - whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action - the state's accompanying rule regarding equitable tolling should also apply."). Under South Carolina law, equitable tolling applies "when the plaintiff has been induced or relies on the defendant's conduct or promises . . . ." *Rink v. Richland Memorial Hosp.*, 422 S.E.2d 747, 749 (S.C.1992). Here, the plaintiff has shown no basis for equitable tolling. Based upon the foregoing, the plaintiff's complaint is untimely.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment (doc. 16) be granted. The plaintiff's pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/Kevin F. McDonald
United States Magistrate Judge

August 30, 2010

Greenville, South Carolina

5