**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Joseph McMorris, Jr. | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 6:10-cv-00670-JMC |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Lt. Jon Sherfield, Deputy Kevin Smith, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on Lt. Jon Sherfield and Deputy Kevin Smith's ("Defendants") Motion for Summary Judgment. [Doc. # 16]. Plaintiff Joseph McMorris, Jr. is proceeding *pro se* and filed this lawsuit under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights. The Magistrate Judge filed his Report and Recommendation [Doc. # 43] on August 30, 2010 and recommended that Defendants' Motion for Summary Judgment [Doc. # 16] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

1

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff Joseph McMorris, Jr. is a *pro se* state prisoner who seeks relief for what he alleges are Defendants' violations of his constitutional rights. Specifically, Plaintiff's complaint centers upon a search, made pursuant to a search warrant, that occurred at the home of a friend on September 28, 2005. Plaintiff was arrested during the search and was subsequently detained for eight days at the Union County Detention Center. Plaintiff claims that Defendants violated his Fourth Amendment rights because they wrongly arrested him. Plaintiff also claims that Defendants seized money from him that they did not return. Plaintiff further alleges that the search warrant was issued without probable cause and that the officers altered the warrant on the scene. Plaintiff seeks the return of the money seized from him and $50,000.00 in damages.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Doc. # 46]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific,

unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate Plaintiff's claims. However, the court was able to discern specific objections to portions of the Magistrate Judge's Report and Recommendation. [Docs. # 46 and 46-1]. The essence of Plaintiff's first objection is that his "incarceration put[] [him] at a complete disability. By me [sic] being in prison the statute of limitation should not apply." [Doc. # 46]. In his second objection, Plaintiff states that the statute of limitations should not apply because he had no knowledge the previous case he filed regarding his arrest, *McMorris v. Sherfield*, was dismissed without prejudice in February 2006. *See McMorris v. Sherfield*, 6:05-cv-03496-PMD.

Plaintiff's objections are unpersuasive. Although 42 U.S.C. § 1983 does not prescribe a specific statute of limitations for bringing a claim, the United States Supreme Court has ruled that in the absence of a congressionally prescribed statute of limitations, "the most closely analogous statute of limitations under state law applies." *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989) (citation omitted). In section 1983 actions filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in § 1983 actions, federal courts should apply the state's general statute of limitations for personal injuries). *See also Webb v. Brock*, 3:10-cv-00139-JFA, 2010 WL 1493141, at *1 (D.S.C. 2010) (slip copy). In South Carolina, the applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. *See* S.C. Code Ann. § 15-3-530 (2010).

In the instant case, Plaintiff's causes of action arose on September 28, 2005, when the alleged wrongful arrest occurred or, giving Plaintiff the benefit of the doubt, on October 6, 2005 when Plaintiff was released from the Union County Detention Center where he was detained after

3

the arrest. Taking this latter date into account, the limitations period would have expired on October 6, 2008. Plaintiff did not file this action until March 16, 2010. [Doc. # 1].

Furthermore, the filing of Plaintiff's earlier lawsuit had no tolling effect on the three-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). A suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. *See e.g. Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Assuming Plaintiff's cause of action accrued once the earlier lawsuit was dismissed without prejudice in February 2006, the limitations period would have expired on January 31, 2009. A prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The *Houston v. Lack* delivery date of Plaintiff's complaint is, at the earliest, March 10, 2010 - the date he signed the complaint.

Finally, Plaintiff argues in his Response Motion to Defendants' Motion for Summary Judgment [Doc. # 19-4] and in his objections [Doc. # 46] that the statute of limitations should not apply because his imprisonment constitutes a disability. In support of this argument, Plaintiff relies on S.C. Code Ann. § 15-3-40 (2009) which he argues extends the limitations period for prisoners to five years. However, as Judge Anderson noted, the South Carolina General Assembly repealed the version of section 15-3-40 which at one time did allow for a tolling of the limitations period "until five years beyond the applicable limitations period . . . ." *See Webb v. Brock*, 2010 WL 1493141, at *1. The effect of the repeal was to "delete the tolling period for imprisoned persons." *Id.* (citing 1996 S.C. Acts No. 234). Accordingly, Plaintiff's imprisonment provides no exceptions to the three-year limitations period.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 43] and **GRANTS** Defendants' Motion for Summary Judgment [Doc. #

4

16]. The Plaintiff's pending nondispositive motions [Doc. #s 20, 38, 45, ] are therefore **MOOT.**

    **IT IS SO ORDERED.**

                                                       s/ J. Michelle Childs
                                                       United States District Judge

January 4, 2011
Greenville, South Carolina